UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

MANDEEP SINGH,

Petitioner,

v.

WARDEN, CENTRAL VALLEY ANNEX,

Respondent.

No. 1:26-cv-05515 WBS DMC

ORDER

----oo0oo----

Petitioner, a native and citizen of India who is being detained in this district by ICE, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, arguing his current detention without a bond hearing violates the Due Process Clause. (Docket No. 1.) This court rejected petitioner's argument and denied the petition. Singh v. Warden, No. 1:26-CV-00053-WBS-DMC, 2026 WL 1224111 (E.D. Cal. May 5, 2026) (Shubb, J.). Petitioner has now moved for a temporary restraining order, asserting again that his detention violates the Due Process Clause, and further arguing that his detention potentially violates Garro Pinchi v.

Noem, 813 F. Supp. 3d 973 (N.D. Cal. 2025). (Docket No. 11.) After counsel was appointed for petitioner, petitioner then filed a supplemental brief "claryify[ing] the narrow relief Petitioner seeks." (Mot. (Docket No. 19) at 1.)[1]

Petitioner concedes that he is subject to mandatory detention without the availability of bond under 8 U.S.C. § 1226(c)(1)(E).[2] (Mot. at 6.) Petitioner thus "does not ask this Court to order his release." (Id. at 2.) Instead, petitioner requests that this court order "an individualized custody hearing before an immigration judge." (Id. at 2.)[3] According to petitioner, even though he has no statutory entitlement to a bond hearing, his continued detainment without a bond hearing violates the Due Process Clause. (Id. at 4-7.)

Regardless of the merits of petitioner's due process argument, his request for a bond hearing falls outside of the

---

[1] In light of counsel's representation that her supplemental brief "narrow[ed] the relief Petitioner seeks" (Mot. at 1), the court treats the supplemental brief as superseding the arguments advanced in the motion for temporary restraining order that petitioner filed pro se.

[2] Petitioner is detained as a noncitizen charged with a crime "that result[ed] in death or serious bodily injury." (Mot. at 3.)

[3] Specifically, petitioner requests:

> a bond hearing before an immigration judge within 30 days, at which: (1) the government bears the burden of establishing, by clear and convincing evidence, that Petitioner presents a danger to the community or a risk of flight . . . ; (2) the immigration judge considers alternatives to detention . . . ; and (3) if bond is set, the immigration judge considers Petitioner's ability to pay . . . .

(Mot. at 7; see also id. ("Petitioner does not ask this Court to find that his detention has ceased to serve an immigration purpose. He asks that a neutral decisionmaker be permitted, for the first time, to consider whether it is necessary.").)

limited relief available in habeas cases. "[T]he Supreme Court has stated that, in habeas cases, federal courts have the power to 'release' the petitioner and 'no other power.'" Nguyen v. Warden, No. 1:25-CV-01872 WBS EFB, 2026 WL 1027892, at *2 (E.D. Cal. Apr. 16, 2026) (quoting Fay v. Noia, 372 U.S. 391, 430 (1963)). "Unsurprisingly, numerous district courts within this circuit have observed the same." Id. (collecting cases). As the court is not empowered to order an administrative hearing based on the habeas relief that petitioner seeks, the court will not grant petitioner's request for one.

Petitioner alternatively requests -- in contradiction to his assertion that he "does not ask this Court to order his release" (Mot. at 2) -- that he be released "only in the event no . . . hearing is provided timely," i.e., "within 30 days." (Id. at 7.) However, petitioner has provided no facts that would disturb this court's initial finding that petitioner is not entitled to release.

Pursuant to this court's decision in Uulu v. Warden, 820 F. Supp. 3d 1113, 1122 (E.D. Cal. 2026), the court's initial denial of habeas relief analyzed the following factors in determining whether petitioner's detainment appeared "indefinite" in violation of the Due Process Clause:

> (1) the petitioner's immigration proceedings have been infected with bad faith or undue delay by the agency;
> (2) the petitioner's detention is directly associated with a judicial review process that has a definite and evidently impending termination point, and is thus akin to detention during the administrative review process

> that was upheld by the Supreme Court; and (3) there is evidence that the petitioner is unremovable because the destination country will not accept him or his removal is barred by our own laws.

Singh, 2026 WL 1224111, at *1. This court found that petitioner "put forth no evidence establishing that [the] delay was either 'undue' or a result of 'bad faith,'" id. at 3 (quoting Uulu, 820 F. Supp. at 1122)); that petitioner's detention "'ha[d] a definite termination point,' namely, the point at which petitioner is determined to be removable or non-removable," id. (quoting Demore v. Kim, 538 U.S. 510, 529 (2003)); and that petitioner had "not offered any evidence that he is 'unremovable because the destination country will not accept him or his removal is barred by our own laws,'" id. (quoting Uulu, 820 F. Supp. at 1122)).

None of the purported "developments" petitioner identifies since this court's initial denial of habeas relief (Mot. at 2-3) alter this analysis.[4] Indeed, one of these purported developments is that an immigration judge has ordered that petitioner be removed, and that petitioner has appealed this removal order. (Id. at 2.) His immigration proceedings are thus plainly advancing. The other "developments" petitioner

---

[4] Petitioner primarily relies on the factors articulated in Mathews v. Eldridge, 424 U.S. 319, 334 (1976) to argue that his detention is unconstitutional. (Mot. at 4-5.) As this court has previously explained, however, the Mathews factors are inapplicable to determine the constitutionality of detention during removal proceedings. See Hernandez v. Warden, No. 1:25-CV-1711-WBS-SCR, 2026 WL 905100, at *1 (E.D. Cal. Apr. 2, 2026) (Shubb, J.).

identifies -- i.e., petitioner's purported inability to appear in his pending criminal case in Illinois state court due to his detention, and petitioner's detainment lasting 427 days as of the hearing on his motion (id. at 2-3.) -- do nothing to show indefinite detainment under Uulu. See 820 F. Supp. 3d at 1122 (collecting cases in which detainments between two and five years were not unconstitutionally indefinite).

Petitioner has accordingly failed to demonstrate a likelihood of success on the merits of his due process claim. See Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Therefore, the court need not consider the other factors for issuing a temporary restraining order. California v. Azar, 911 F.3d 558, 575 (9th Cir. 2018).

IT IS THEREFORE ORDERED that petitioner's motion for temporary restraining order (Docket No. 11) be, and the same hereby is, DENIED.

Dated: September 4, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE